**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000049**
**30-JUL-2025**
**06:09 AM**
**Dkt. 68 SO**

NO. CAAP-23-0000049

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


YUKI GLEASON, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAIʻI,
Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-22-00010)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

This secondary appeal challenges the district court's order affirming the administrative revocation of Petitioner-Appellant Yuki Gleason's (**Gleason**) driver's license following an arrest for operation of a vehicle under the influence of an intoxicant (**OVUII**). We affirm.

Gleason appeals from the January 12, 2023 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**)

entered by the District Court of the First Circuit (**District Court**)[1] in favor of Respondent-Appellee Administrative Director of the Courts (**Director**).  The Judgment was entered on the District Court's January 31, 2023 "Decision and Order Affirming Administrative Revocation" (**Order Affirming Revocation**).  The Order Affirming Revocation affirmed the Director's October 31, 2022 "Findings of Fact [(**FOFs**)], Conclusions of Law, and Decision" (**Administrative Decision**), issued following an administrative hearing conducted by a hearing officer, to revoke Gleason's driver's license for one year.

On appeal, Gleason challenges Conclusions of Law (**COLs**) 2, 4, and 6[2] in the District Court's Order Affirming Revocation, contending the District Court erred:  **(1)** by ruling that the standardized field sobriety test (**SFST**) was "not an unreasonable search or seizure"; **(2)** by ruling that "an inference of guilt can be inferred" from Gleason's refusal to

---

[1]     The Honorable James C. McWhinnie presided.

[2]     COLs 2, 4, and 6 stated:

>     2.    The Court also concludes [the Director] did not erroneously interpret the law. [Gleason] refused to take the [SFST], which is not an unreasonable search or seizure, nor an invasion of privacy (*see* *State v. Wyatt*, 67 Haw. 293, 303 (1984)).  [Gleason]'s refusal to participate in the SFST could be considered as an inference of a "consciousness of guilt" (*see* *State v. Ferm*, 94 Haw. 17, 28 (2000)).
>
>     . . . .
>
>     4.    Further, the Court concludes [the Director] did not abuse its discretion.
>
>     . . . .
>
>     6.    In conclusion, based upon the totality of the circumstances, and by a preponderance of the evidence, there was probable cause to arrest [Gleason] for OVUIII.

participate in the SFST because the SFST constituted a search; and **(3)** by finding that "probable cause existed to arrest Gleason for OVUII[.]"[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Gleason's contentions as follows.

The record for the Administrative Decision and its unchallenged findings reflect the following. On July 30, 2022, at approximately 9:45 p.m., Honolulu Police Department (**HPD**) Officer Mariah Ah Tou (**Officer Ah Tou**) came upon Gleason's vehicle which was traveling in the same lane, about one to two car lengths in front of the officer's vehicle; Gleason's vehicle was "swerving" within its lane of travel, then drove over the solid white line (on the left side of the vehicle) for about two to three seconds, before "jerking" the wheel to correct itself back into the original lane of travel; and Gleason's vehicle crossed over the single broken white line with both passenger side tires into the adjacent lane for about one to two seconds before "jerking" back into its own lane. FOFs 1-3. Officer Ah Tou stopped Gleason's vehicle. FOF 4. Officer Ah Tou exited her vehicle and approached Gleason's driver's side window, where she saw Gleason in the driver's seat; Officer Ah Tou asked Gleason for her driver's license, registration, and insurance; and Gleason stated that she was heading home from a graduation party. FOFs 5-7. While interacting with Gleason, Officer Ah Tou noted Gleason's speech was "slurred," her movement was "slow," her eyes were "red, watery, and glassy," and there was a

---

[3] Gleason's points of error have been restated and consolidated for clarity.

"strong odor of a consumed alcoholic type beverage emitting from Gleason's breath[.]" FOF 8.

HPD Officer Dallas Pauu (**Officer Pauu**) arrived shortly after the stop, and Officer Ah Tou instructed Officer Pauu to ask Gleason if she would be willing to voluntarily participate in the SFST. FOF 9. Officer Pauu complied and informed Officer Ah Tou that Gleason did not respond; Officer Ah Tou then proceeded to the driver's side of Gleason's vehicle, and Gleason told Officer Ah Tou that she did not want to participate in the SFST. FOFs 10-11. Based on the totality of the circumstances, Officer Ah Tou placed Gleason under arrest for OVUII; the officers transported Gleason to the police station; Gleason elected to take a breath alcohol concentration test at the station; and Gleason's alcohol concentration was 0.140 grams of alcohol per 210 liters of breath. FOFs 12-13, 16.

In relevant part, the Administrative Decision concluded that: "There existed probable cause to believe that [Gleason] operated a vehicle while under the influence of an intoxicant"; and "by a preponderance of the evidence, [Gleason] operated a vehicle while under the influence of an intoxicant."

Gleason sought judicial review of the Administrative Decision to the District Court, pursuant to Hawaii Revised Statutes (**HRS**) § 291E-40.[4] Following a January 12, 2023 hearing, the District Court filed its January 31, 2023 Order Affirming Revocation, which pertinently held that the Director "did not

---

[4]    Under HRS § 291E-40(c) (2020), the "sole issues before the court" on judicial review of an administrative decision are whether the Director: "(1) [e]xceeded constitutional or statutory authority; (2) [e]rroneously interpreted the law; (3) [a]cted in an arbitrary or capricious manner; (4) [c]ommitted an abuse of discretion; or (5) [m]ade a determination that was unsupported by the evidence in the record."

4

exceed its constitutional or statutory authority"; "[t]here was reasonable suspicion for [Gleason]'s stop"; the Director "did not erroneously interpret the law" because an SFST "is not an unreasonable search or seizure, nor an invasion of privacy"; Gleason's "refusal to participate in the SFST could be considered as an inference of a 'consciousness of guilt'"; the Director's "determination was supported by a preponderance of the evidence in the record"; and that "based upon the totality of the circumstances, and by a preponderance of the evidence, there was probable cause to arrest [Gleason] for OVUII." Gleason timely appealed.

On a secondary appeal, we review the District Court's review of the Administrative Decision, to determine whether the District Court was right or wrong in its decision. Gray v. Admin. Dir. of the Court, State of Hawaii, 84 Hawai'i 138, 144, 931 P.2d 580, 586 (1997).

**(1)** Gleason argues that the District Court "erred when it ruled that the [Director] did not erroneously interpret the law and or [sic] abuse his discretion when he ruled that SFST are [sic] not an unreasonable search or seizure nor an invasion of privacy."

In State v. Wyatt, 67 Haw. 293, 303, 687 P.2d 544, 551 (1984), the supreme court held that the SFST did not infringe on a "defendant's right to be secure against unreasonable searches, seizures, and invasions of privacy."[5] The Wyatt court reasoned

---

[5] In Wyatt, the defendant was stopped by a police officer for driving near midnight without lighted headlamps; the officers noticed a smell of liquor from her vehicle interior when they asked her to provide documentation. 67 Haw. at 296-97, 687 P.2d at 547-48. When asked if she had been drinking, the defendant admitted she had been; she volunteered that she had just been cited for three traffic violations a few minutes prior; the

that the "intrusion" of an SFST "only entailed a display of transitory physical characteristics associated with inebriation[,]" and did not involve "probing into an individual's private life and thoughts that marks . . . a search for concealed evidence of criminal activity." Id. at 305, 687 P.2d at 553 (citation omitted). The Wyatt court explained: "In our view these facts and circumstances rendered reasonable a seizure comprehending a sobriety test, though the probable cause supporting a formal arrest may not have been present." Id.

Here, the District Court did not err by citing Wyatt to conclude that the SFST that Gleason refused was not an "unreasonable search or seizure[.]" The District Court was not wrong in affirming the Administrative Decision on this basis. See Gray, 84 Hawaiʻi at 144, 931 P.2d at 586.

**(2)** Gleason argues that the District Court "erred when it ruled that an inference of guilt can be inferred because Gleason declined to voluntarily submit to a search, that is, the performance of SFST's [sic]." She asserts that "when Gleason invoked her fundamental right to not be searched, it was error for the hearing officer, and the judge, to rule that using her exercise of her right [sic] amounted to an inference of guilt."

The District Court cited State v. Ferm, 94 Hawaiʻi 17, 28, 7 P.3d 193, 204 (App. 2000), when it ruled that "[Gleason]'s refusal to participate in the SFST could be considered as an inference of a 'consciousness of guilt.'" COL 2. This conclusion was not erroneous.

In Ferm, this court considered and rejected the defendant's challenge that his constitutional privilege against

_____

officer ordered her out of the vehicle and administered the SFST, following which Wyatt was arrested for OVUII. Id. at 297, 687 P.2d at 548.

6

self-incrimination "was violated when the trial court," during his driving under the influence of intoxicating liquor trial, "weighed his refusal to take the [SFST] against him."  Id. at 27-28, 7 P.3d at 203-04.  The Ferm court reasoned that "because [d]efendant's refusal to take the [SFST] was neither testimonial or compelled, the fifth amendment and article I, section 10 were not offended."  Id. at 29, 7 P.3d at 205 (citation omitted).  This court explained:  "In our view, the inference of consciousness of guilt is simply that, one of many reasonable and permissible inferences *from* evidence of refusal.  It is not testimony inherent *in* the refusal."  Id. at 28, 7 P.3d at 204.  "[T]o characterize refusal as testimonial confuses reasonable inferences with communication."  Id. (citation and internal quotation marks omitted).  To be "testimonial," a response must "convey[] information or assert[] facts."  State v. Manion, 151 Hawaiʻi 267, 275, 511 P.3d 766, 774 (2022) (citation omitted).

     Here, the District Court did not err by citing Ferm to conclude that "consciousness of guilt" "could be" a permissible inference from Gleason's refusal to participate in the SFST. The District Court was not wrong in affirming the Administrative Decision on this basis.  See Gray, 84 Hawaiʻi at 144, 931 P.2d at 586.

     **(3)** Gleason argues that:  the District Court "performed no independent analysis of the hearing officer's determinations"; "[r]ed or watery eyes can be based on innocent reasons and even with imperfect driving are not sufficient to amount to probable cause to revoke a license"; and "there isn't enough evidence to find that probable cause existed to believe

7

Gleason was either impaired or had a breath alcohol concentration above the legal limit at the time of her arrest."

A court reviewing an agency decision does not weigh evidence. See Gendreau v. Admin. Dir. of Courts, No. CAAP-19-0000436, 2021 WL 2103753, at *3 (Haw. App. May 25, 2021) (SDO) (citing In re Application of Hawaiian Elec. Co., 81 Hawaiʻi 459, 465, 918 P.2d 561, 567 (1996)). "Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. *This requires more than a mere suspicion but less than a certainty.*" State v. Maganis, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005) (citation omitted).

Here, the Director found that Officer Ah Tou observed that "Gleason appeared to be moving slowly"; Gleason's speech was "slurred"; that an "odor of a possibly consumed alcoholic beverage [was] coming from Gleason"; that Gleason's "eyes were red, watery and glassy"; and Gleason was driving erratically, "swerv[ing]" and "jerk[ing]" in and out of her lane. Based on these findings, which could support a determination of probable cause that Gleason committed OVUII, the District Court was not wrong in affirming the Administrative Decision on this basis. See Nguyen v. Admin. Dir. of Courts, NO. CAAP-22-0000017, 2023 WL 2254762, at *2-*3 (Haw. App. Feb. 28, 2023) (SDO) (affirming license revocation and probable cause finding for OVUII without an SFST, where: defendant displayed erratic driving prior to the traffic stop; and the arresting officer observed defendant "was slow to respond," "had a strong odor of an alcoholic type beverage on his breath, his gaze was fixed, his eyes were red

and watery, his neck and face were flush red, and his speech was garbled and slurred"); Gray, 84 Hawaiʻi at 144, 931 P.2d at 586.

For the foregoing reasons, we affirm the January 12, 2023 Judgment entered by the District Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, July 30, 2025.

On the briefs:

Kevin O'Grady,
for Petitioner-Appellant.

Christopher J.I. Leong,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge